**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

In re:

| | |
|---|---|
| **JONATHAN R. THORNE and** | **BANKRUPTCY CASE:** |
| **DARLENE S. THORNE, Debtors** | **09-11763-DWH** |
| | **CHAPTER 13** |

===============================================================

JONATHAN R. THORNE and
DARLENE S. THORNE, Debtors
LOCKE BARKLEY, Chapter 13 Trustee for the Northern
District of Mississippi

        Plaintiffs,

vs.                                        Adversary Proceeding Number:

        10-01172-DWH

PROMMIS SOLUTIONS HOLDING CORPORATION,
GREAT HILL PARTNERS, LLC
MORRIS, SCHNEIDER AND PRIOR, now known as
JOHNSON & FREEDMAN,
LENDER PROCESSING SERVICES, INC.,
LPS DEFAULT SOLUTIONS, LLC

        Defendants,

===============================================================

**PLAINTIFFS' MOTION TO STRIKE THE AFFIDAVIT OF ROSS GLOUDEMAN AS A SHAM OR A FALSEHOOD AND FOR OTHER APPROPRIATE RELIEF**

Comes now the Plaintiffs', through undersigned counsel, and moves the Court to strike the affidavit of Ross Gloudeman as a sham or a falsehood. As grounds therefore the Plaintiffs' would show as follows:

1. Exhibit A to the Summary Judgment motion of LPS and LPS Default is the declaration of Ross Gloudeman who states that he is a Vice President and Division Counsel of Lender Processing Services, Inc.

2. This declaration is offered under penalty of perjury as the testimony of LPS and LPS Default in support of their motion for summary judgment (Par. 2 of ECF Doc. 16-2).

3. Paragraph 3 of the declaration states that "LPS provides a suite of proprietary and fully-hosted, web-based applications designed by LPS for the management of foreclosures and bankruptcies." Paragraph 3 does not provide the name of this system to the Court to allow the Court to have complete information of the system that Mr. Gloudeman is referencing.

4. This system is mentioned in the annual report of LPS filed under oath with the Securities and Exchange Commission. In the 2009 annual report (made exhibit 1 hereto) the system Mr. Gloudeman refers to is identified as the LPS Desktop system. Specifically the 2009 annual report explains at page 15 of 158:

> *Desktop.* We have developed a web-based workflow information system, which we refer to as Desktop. The Desktop application can be used for managing and automating a wide range of different workflow processes….. . We originally developed Desktop for use in our default management businesses, although we are expanding its capabilities to handle a wide range of other processes.

The 2009 Annual Report goes on to say about default management services at page 17 of 158 that:

*Default management services.* In addition to loan facilitation services, our Loan Transaction Services segment offers default management services. These services allow our customers to efficiently manage the business processes necessary to take a loan and the underlying real estate securing the loan through the default and foreclosure process. We offer a full spectrum of services relating to the management of defaulted loans, from initial property inspection through the eventual disposition of our customer's asset.

5. Mr. Gloudeman then asserts in Paragraph 5 of his declaration (ECF Doc. 16-2) that LPS Default "offers additional administrative services to which its clients and client firms may elect to subscribe." Mr. Gloudeman then asserts that LPS did not provide these network agreement services to Johnson & Freedman "in this case" in paragraph 6 of his declaration.

6. Mr. Gloudeman then asserts in paragraph 7 of his declaration that JP Morgan Chase and its subsidiary Chase Home Financial, LLC did not have an agreement with LPS to utilize its services nor did Johnson & Freedman have a network agreement with LPS to provide these services on files it was handling for Chase. Mr. Gloudeman then goes on to state that LPS does not provide such services to any client firm of JP Morgan Chase with respect to those mortgage loans serviced by JP Morgan Chase or its subsidiary Chase Home Financial.

7. The plaintiffs assert that the statements in paragraph 6 and 7 of the

declaration of Mr. Gloudeman are demonstrably false and have been interjected into these proceedings in support of a summary judgment motion in an attempt to deceive the Court.

8. As evidence that these statements are demonstrably false the plaintiffs begin by offering the direct quote of Jeffrey Carbinier attributed to him in the company's investor conference call of October 29, 2010 stating that JP Morgan Chase uses LPS Desktop as reported by Housing Wire (This article is attached as exhibit 2 to this motion to strike).

9. Further, as set out in the affidavit of Nicholas Wooten in support of the Rule 56(f) motion filed by the Plaintiffs, Mr. Wooten declares that:

   a. Through his litigation with LPS he has obtained an exemplar of the standard agreement between LPS and one of its servicer clients.

   b. This agreement requires the servicer clients of LPS agree to send all of their defaulted loans to LPS for default management services.

   c. This agreement mandates that the servicer client of LPS select a network firm to handle all of its foreclosure and bankruptcy matters for the servicer client from firms retained and managed by LPS.

   d. Mr. Wooten also provides testimony from LPS that indicates that the process of transferring a loan from the servicer client of LPS normal servicing platform to LPS Default is done electronically and

        automatically.

    e. Mr. Wooten also provides testimony that in other litigation involving LPS that this party offered a Vice President's affidavit to the same effect of Mr. Gloudeman's declaration which was later contradicted by the servicing client of LPS many months after LPS had successfully used that ruse to obtain a dismissal in the other matter.

10. The plaintiffs would also point to the 2009 annual statement filed with the Securities and Exchange Commission which states that JP Morgan Chase and Company is one of LPS' two largest clients accounting for more than 10% of its revenue. The plaintiffs would also point out that the annual report filed with the SEC is a sworn statement by the Company in contradiction of the declaration of Mr. Gloudeman.

11. Specifically the Annual Report from 2009 states at page 19 of 158 as follows:

> "our two largest customers, Wells Fargo Bank, N.A. ("Wells Fargo") and JPMorgan Chase Bank, N.A. ("JPMorgan Chase"), each accounted for more than 10% of our aggregate revenue and more than 10% of the revenue from each of our Technology, Data and Analytics and Loan Transaction Services segments"

12. The Plaintiffs trust that the Court will recall from the earlier excerpts that the term "Loan Transaction Services" was defined in the Annual Report

       and that definition was included in paragraph 4 which included default management services.

13. It is clear from these direct quotes from LPS through its sworn public filings, its sworn testimony and its as yet undisclosed documents whose contents are testified to by Nicholas Wooten that Mr. Gloudeman's declaration in support of the summary judgment motion of LPS and LPS Default is a sham and is false and is due to be stricken from consideration in these proceedings.

PREMISES CONSIDERED, the Plaintiffs move the Court for an Order striking the declaration of Mr. Gloudeman as a sham and a falsity and for any other Orders from the Court necessary to effect justice in this matter.

Done and filed this 1st day of November, 2010.

                            RESPECTFULLY SUBMITTED,

                            /s/ Jimmy Mcelroy, Esq._____
                            Local and Liaison Counsel for the Class
                            Jimmy E. Mcelroy & Associates
                            3780 S. Mendenhall Road
                            Memphis, Tennessee 38115
                            1-901-363-7283
                            Fax: 901-794-4335
                            jemcelroy@aol.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing upon counsel of record for the parties and the US Trustee on this the 1st day of November, 2010 by use of the ECF system.

                                      */s/ Jimmy Mcelroy*
                                      Local and Liaison Counsel for the Class