IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

JONATHAN R. THORNE and
DARLENE S. THORNE, Debtors

Bankruptcy Case No.: 09-11-763-DWH
Chapter 13

---

JONATHAN R. THORNE and
DARLENE S. THORNE, Debtors
LOCKE BARKLEY, Chapter 13 Trustee                                   PLAINTIFFS

V.                                          Adversary Proceeding No.: 10-01172-DWH

PROMMIS SOLUTIONS HOLDING CORPORATION, et al.           DEFENDANTS

---

### DEFENDANTS LENDER PROCESSING SERVICES, INC. AND LPS DEFAULT SOLUTIONS, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE THE AFFIDAVIT OF ROSS GLOUDEMAN AS A SHAM OR A FALSEHOOD AND FOR OTHER APPROPRIATE RELIEF

Defendants Lender Processing Services, Inc.[1] and LPS Default Solutions, Inc.[2] (collectively, "LPS") file this Response in Opposition to Plaintiffs' Motion to Strike the Affidavit of Ross Gloudeman as a Sham or a Falsehood and for Other Appropriate Relief.

1.  This is an adversary proceeding brought by bankruptcy debtors Jonathan R. Thorne and Darlene S. Thorne ("Debtors") and the Chapter 13 Trustee (collectively, "Plaintiffs") alleging that the law firm of Johnson & Freedman has undisclosed legal fee-splitting arrangements with other entities, including LPS, and that these agreements also constitute the unauthorized practice of law by the "non-law firm" Defendants. LPS denies Plaintiffs' allegations in their entirety.

2.  Specifically, LPS and Johnson & Freedman have no network agreement for LPS

---

[1] Lender Processing Services, Inc. is the parent company of LPS Default Solutions, Inc.
[2] LPS Default is erroneously identified in the Complaint as "LPS Default Solutions, *LLC*."

01091658

to provide services as alleged with regard to the Debtor's mortgage or bankruptcy case, or with regard to any mortgage serviced by Chase Home Finance, LLC.

3. Because no such agreement exists relative to the Debtor, Plaintiffs can prove no facts which would give rise to any liability to the Plaintiffs in this case. Accordingly, on October 28, 2010, LPS filed a Motion for Summary Judgment. Doc. [16].

4. In support of its Motion for Summary Judgment, LPS submitted the Declaration of Ross Gloudeman, which is specific to this particular case, these debtors, this mortgage loan servicer, and this law firm, and states that no agreement existed between LPS and Johnson & Freedman related to the Debtor's mortgage. Doc. [16-2].

5. On November 1, 2010, Plaintiffs filed their Motion to Strike, stating that "the statements in paragraph 6 and 7 of the declaration of Mr. Gloudeman are demonstrably false and have been interjected into these proceedings in support of a summary judgment motion in an attempt to deceive the Court." Doc. [19] at ¶ 7.

6. LPS denies that the statements in paragraph 6 and 7 of the Declaration of Ross Gloudeman are demonstrably false and denies that the statements have been interjected in support of LPS's summary judgment motion in an attempt to deceive the Court. LPS further denies that the Declaration of Ross Gloudeman is a sham and is false and is due to be stricken from consideration in these proceedings.

7. Plaintiffs claim Gloudeman is lying based on: general statements by LPS that JPMorgan Chase sometimes uses LPS desktop management software for dealing with clerical issues; an affidavit by Plaintiffs' attorney, Nicholas Wooten, that he has seen an exemplar of a "standard agreement" in a different case, with different debtors, different creditors, different law firms, and different agreements; general testimony by LPS in a different case, with different

01091658

2

debtors, different creditors, different law firms, and different agreements; and an affidavit submitted by LPS in a different case, with different debtors, different creditors, different law firms, and different agreements.

8. The Declaration of Ross Gloudeman is specific to this particular case, these debtors, this mortgage loan servicer, and these law firms and states that no network services agreement existed here. The "evidence" produced by Plaintiffs to demonstrate that Gloudeman's Declaration is a sham and falsehood is completely irrelevant to the statements made in the Declaration concerning this particular case, these debtors, this mortgage loan servicer, these law firms, and the lack of an agreement.

ACCORDINGLY, Plaintiffs' baseless Motion should be denied. LPS requests such other relief as the Court may deem just and proper.

Dated: November 15, 2010.

Respectfully submitted,

**LENDER PROCESSING SERVICES, INC. and
LPS DEFAULT SOLUTIONS, INC.**

By: /s/ James A. McCullough, II
One of Their Attorneys

**OF COUNSEL:**

**BRUNINI, GRANTHAM, GROWER & HEWES, PLLC**
James A. McCullough, II (Miss. Bar No. 10175)
jmccullough@brunini.com
Karen E. Howell (Miss. Bar No. 102243)
khowell@brunini.com
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

01091658                                         3

## CERTIFICATE OF SERVICE

I, James A. McCullough, II, do hereby certify that I have this day filed the attached via the Court's Electronic Filing System, which delivered notice of same to all counsel of record, including the following:

Jimmy McElroy, Esq.
Jimmy E. McElroy & Associates
3780 S. Mendenhall Rd.
Memphis, TN 38115
(901) 363-7283
Fax: (901) 794-4335
jemcelroy@aol.com

Nick Wooten
Wooten Law Firm, P.C.
P.O. Box 3389
Auburn, AL 36831
nhwooten@gmail.com

Dated: November 15, 2010.

/s/ James A. McCullough, II
James A. McCullough, II