IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

JONATHAN R. THORNE and                     **Bankruptcy Case No.: 09-11-763-DWH**
DARLENE S. THORNE, Debtors                                **Chapter 13**

---

**JONATHAN R. THORNE and
DARLENE S. THORNE, Debtors
LOCKE BARKLEY, Chapter 13 Trustee**                             **PLAINTIFFS**

**V.**                          **Adversary Proceeding No.: 10-01172-DWH**

**PROMMIS SOLUTIONS HOLDING CORPORATION, et al.**      **DEFENDANTS**

---

**DEFENDANTS LENDER PROCESSING SERVICES, INC. AND LPS DEFAULT
SOLUTIONS, INC.'S RENEWED MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT FILED IN
RESPONSE TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

---

In response to the Defendants' Third Amended Complaint, Lender Processing Services, Inc. and LPS Default Solutions, Inc.[1] file this Renewed Motion to Dismiss or for Summary Judgment ("Renewed Motion"), and hereby renew, reassert and reallege the allegations, arguments, authorities and evidentiary basis stated in their Motion for Summary Judgment and Memorandum of Authorities in support thereof filed with this Court on October 28, 2010 [Dkt. Nos. 16 & 17], including their Reply Memorandum associated therewith. [Dkt. No. 43] (collectively the "Motion").[2]

      **I.**        **Factual and Procedural Background**

---

[1]      LPS Default is erroneously identified in the Complaint as "LPS Default Solutions, *LLC*."

[2]      Movants Lender Processing Services, Inc. and LPS Default Solutions, Inc. are defendants in this matter, and do not have the burden of proof relative to the factual issues addressed in the Motion. As the parties with the burden of persuasion as to the matters addressed, in accordance with Miss. Bankr. L.R. 7056-1(2), Lender Processing Services, Inc. and LPS Default Solutions, Inc. adopt by reference the itemized list of material facts which constitute Plaintiffs' prima facie case, as alleged, filed as "Appendix 1" to the Motion [Dkt. No. 16-1].

{01143736}

1. This adversary proceeding was filed by bankruptcy debtors Jonathan R. Thorne and Darlene S. Thorne ("Debtors") on September 30, 2010, alleging that the law firm of Johnson & Freedman has undisclosed legal fee-splitting arrangements with other entities, including LPS, and that these agreements also constitute the unauthorized practice of law by "non-law firm" Defendants. Debtors filed an Amended Complaint on October 4, 2010 [Dkt. No. 4], and a Second Amended Complaint on October 11, 2010 [Dkt. No. 6], adding as a putative plaintiff Locke Barkley, Chapter 13 Trustee appointed over the Debtors' bankruptcy case (the Debtors and the Trustee are collectively referred to as "Plaintiffs").

2. LPS and LPS Default deny Plaintiffs' allegations in their entirety. LPS and LPS Default filed a joint Motion for Summary Judgment, or in the Alternative, for a More Definite Statement, and Memorandum of Authorities in support thereof on October 28, 2010 [Dkt. Nos. 16 & 17]. The Motion requested dismissal of all claims against LPS and LPS Default on the basis that they and Johnson & Freedman have no network agreement for LPS or LPS Default to provide services as alleged with regard to the Debtors' mortgage or bankruptcy case, or with regard to any mortgage serviced by Chase Home Finance, LLC. In support of the Motion, LPS and LPS Default submitted the sworn declaration of Mr. Ross Gloudeman (Exhibit A to the Motion [Dkt. No. 16-2]). Because no such agreement exists relative to the Debtor or the Debtors' bankruptcy case, Plaintiffs have no claim of liability against LPS or LPS Default in this case.

3. Plaintiffs responded to the Motion with a request under Rule 7056(d) for discovery related to the issues raised in the Motion. The Court took up the Plaintiffs' Rule 7056(d) request at a hearing on January 21, 2011. At that hearing, the Court instructed the parties that if the Debtors could not establish involvement by LPS or LPS Default in <u>these</u>

{01143736}                                                                    2

Debtors' bankruptcy case, then LPS and LPS Default were not proper parties to this Adversary Proceeding. On February 1, 2011, the Court entered its Order (a) continuing the Motion to permit limited discovery by the Plaintiffs on the limited issue raised by the Motion, and (b) strictly limiting discovery permitted by the Order to the sole issue of whether LPS or LPS Default provided services related to the Debtors' bankruptcy case.[3] See Order Continuing Motion for Summary Judgment of Lender Processing Services, Inc. and LPS Default Solutions, LLC, and Granting Limited Discovery Pursuant to Fed. R. Bankr. P. 7056(d) [Dkt. No. 72].[4]

4. On February 5, 2011, Plaintiffs filed their Third Amended Complaint, adding additional parties and counts. [Dkt. Nos. 75, 76]. LPS and LPS Default deny any liability to the Plaintiffs under the Third Amended Complaint. The Third Amended Complaint includes numerous newly asserted factual allegations related to LPS and/or LPS Default, but none of these new allegations establish or assert new factual claims as to whether LPS or LPS Default provided services as alleged with regard to these Debtors' mortgage or bankruptcy case.

**II.    The Claims against LPS and/or LPS Default Solutions Should be Dismissed**

5. LPS and LPS Default move to dismiss the Plaintiffs' claims in the Third Amended Complaint and renew, reassert and reallege the allegations, arguments, authorities and evidentiary basis stated in their Motion for Summary Judgment [Dkt. Nos. 16, 17 & 43], including the Declaration of Ross Gloudeman [Dkt. No. 16-2]. For the reasons stated therein, Plaintiffs' claims against LPS and LPS Default should be dismissed.

6. As stated in the Motion, the existence of an agreement between Movants and Johnson & Freedman is the foundation of all of Plaintiffs' claims against Movants. Plaintiffs can

---

[3]  The Court further ordered that discovery of matters not directly related to the Debtors' case will not be permitted. See Order ¶ B [Dkt. No. 72].

[4]  Despite the Court's Order of February 1, 2011, Plaintiffs' counsel has not conducted any discovery as requested under Rule 7056(d).

produce no evidence that Movants provided the services alleged, nor that they shared in any payment for such services. The Declaration of Ross Gloudeman shows that JPMorgan Chase and its subsidiaries did not have a network agreement in place for its Client Firms, and that LPS and LPS Default did not provide any services as alleged to Johnson & Freedman related to the Motion for Relief from Automatic Stay in the Debtors' bankruptcy case, nor did it receive any fees related to such services. See Ex. A to Motion, ¶ 7. Accordingly, Plaintiffs' claims against LPS and LPS Default should be dismissed.

7. LPS and LPS Default reserve all defenses and affirmative defenses to the Third Amended Complaint, and reserve the right to assert additional and alternative grounds for dismissal, including without limitation grounds under Fed. R. Bankr. P. 7012, in the event that its Motion, as renewed and reasserted, is denied.

### III. Conclusion.

8. As demonstrated in the Motion For Summary Judgment, or, in the Alternative, Motion for a More Definite Statement filed by LPS and LPS Default, which LPS and LPS Default hereby renew, reassert and reallege, the Plaintiffs' claims against LPS and LPS Default should be dismissed. LPS and LPS Default request the Court to enter an Order dismissing all claims against them asserted in the Third Amended Complaint, and request such other relief as the Court may deem just and proper.

Dated: February 25, 2011.

> Respectfully submitted,
>
> **LENDER PROCESSING SERVICES, INC. and LPS DEFAULT SOLUTIONS, INC.**
>
> By: /s/ James A. McCullough, II
>     One of Their Attorneys

**OF COUNSEL**:

**BRUNINI, GRANTHAM, GROWER & HEWES, PLLC**
James A. McCullough, II (Miss. Bar No. 10175)
jmccullough@brunini.com
Karen E. Howell (Miss. Bar No. 102243)
khowell@brunini.com
Post Office Drawer 119
Jackson, Mississippi  39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

## CERTIFICATE OF SERVICE

     I, James A. McCullough, II, do hereby certify that I have this day filed the attached via the Court's Electronic Filing System, which delivered notice of same to all counsel of record, including the following:

>Jimmy McElroy, Esq.
>Jimmy E. McElroy & Associates
>3780 S. Mendenhall Rd.
>Memphis, TN 38115
>(901) 363-7283
>Fax: (901) 794-4335
>jemcelroy@aol.com
>
>Nick Wooten
>Wooten Law Firm, P.C.
>P.O. Box 3389
>Auburn, AL  36831
>nhwooten@gmail.com

    Dated:  February 25, 2011.

                            /s/ James A. McCullough, II
                            James A. McCullough, II