UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: JONATHAN R. THORNE and
DARLENE S. THORNE                                           CASE NO. 09-11763-DWH

JONATHAN R. THORNE, DARLENE S. THORNE,
and LOCKE D. BARKLEY, Chapter 13 Trustee                    PLAINTIFFS

VERSUS                                                      ADV. PROC. NO. 10-01172-DWH

PROMMIS SOLUTIONS HOLDING CORPORATION;
PROMMIS SOLUTIONS, LLC; GREAT HILL PARTNERS,
LLC; JOHNSON & FREEDMAN, LLC; LENDER
PROCESSING SERVICES, INC.; LPS DEFAULT
SOLUTIONS, INC.; and DANIEL D PHELAN                        DEFENDANTS

OPINION

On consideration before the court is a motion to dismiss defendant, Daniel D. Phelan, (Phelan), from the above captioned adversary proceeding pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure; a response to said motion having been filed by the plaintiffs, Jonathan R. Thorne, Darlene S. Thorne, (Thornes), and Locke D. Barkley, Chapter 13 trustee, (trustee); and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core adversary proceeding as defined in 28 U.S.C. §157(b)(2)(A), (B), and (O).

II.

The plaintiffs in their Third Amended Complaint added Phelan as a defendant, alleging that he is guilty of scandalous behavior by "masterminding" a "corrupt business model" that defrauds courts and debtors in bankruptcy through a web of illicit corporate activities. Factually, the plaintiffs contend that Phelan (1) is a minority shareholder of Prommis Solutions Holding Corporation, (PS Holding); (2) is the Chairman and/or Vice-Chairman of PS Holding's board of directors; and (3) has one vote (out of seven) on the board of directors. Based upon these allegations, the plaintiffs conclude that Phelan and Great Hill Partners, LLC, (Great Hill), working together, "control" PS Holding and its subsidiary, Prommis Solutions, LLC, (Prommis Solutions). The corporate entities are accused of engaging in the unauthorized practice of law and illegally sharing attorney fees through a mortgage servicing scheme which was described by this court in a separate opinion dated June 15, 2011.

The plaintiffs' claims against Phelan are based on two theories (1) that the corporate veil should be pierced as to Great Hill, Prommis Solutions, and/or PS Holding in order to expose Phelan to direct liability, and; (2) that Phelan is individually liable pursuant to an economic theory known as "control fraud." Phelan, however, had nothing to do directly with the plaintiffs' fundamental claim in this adversary proceeding which involves the propriety of a $600.00 attorney fee that the plaintiffs agreed to pay in connection with a motion to lift the automatic stay filed in their bankruptcy case by the Johnson & Freedman, LLC, law firm. There is no allegation in the complaint that Phelan made an appearance before this court, submitted a fee application, or had any contact with the plaintiffs. As discussed hereinbelow, the only allegations directed at Phelan are at best factually unsupported conclusions.

2

III.

Since this is a motion to dismiss filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the court must construe the complaint liberally in favor of the plaintiffs as the non-moving parties and assume the truth of all pleaded facts. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002); *Frank v. Delta Airlines, Inc.*, 314 F.3d 195 (5th Cir. 2002); and *In re Harris*, 297 B.R. 61, 64 (Bankr. N.D. Miss. 2003).

The United States Supreme Court advised in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that in order to survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim for relief that is plausible on its face." By establishing this new standard, the Supreme Court expressly abrogated the former standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which provided that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1944 (2009).

The "plausibility" test is met only where "the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Darby v. Southern Care, Inc.*, 2010 WL 4168671, at *1 (N.D. Miss. Oct. 19, 2010) (emphasis added). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Supreme Court in *Iqbal*, citing *Twombly*, stated the following:

3

Two working principals underlie our decision in *Twombly.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice. (Although for the purpose of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'). Rule 8 marks a notable and generous departure from the hyper-technical code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.' (citations omitted) (internal quotation marks omitted)

*Iqbal,* 129 S.Ct. at 1949-50.

Since the Third Amended Complaint fails to state a direct claim against Phelan, in order to establish his liability, the plaintiffs must pierce the corporate veil of Great Hill, a Delaware limited liability company, Prommis Solutions, a Delaware limited liability company, or PS Holding, a Delaware business corporation. The Mississippi Limited Liability Company Act provides that the Delaware veil-piercing standard is applicable to Great Hill and Prommis Solutions as foreign limited liability companies. On the other hand, when considering whether the corporate veil of PS Holding should be pierced, the choice of laws is not as clear because the Mississippi Business Corporation Act contains no provision that specifically addresses this question. When confronted with an uncertainty such as this, several courts have decided that the law of the state of incorporation, which in this proceeding is the State of Delaware, should be applied. *See, e.g., Soviet Pan Am Travel Effort v. Travel Comm., Inc.,* 756 F.Supp. 126, 131 (S.D.N.Y. 1991) (applying Maryland law). Regardless, courts in both Delaware and Mississippi

apply similar high standards when a claim is made that seeks to pierce the corporate veil in order to impose individual liability.

According to Delaware law, a plaintiff must prove: (1) that the controlling entity exercises "exclusive domination and control . . . to the point that [the controlled entity] no longer ha[s] legal or independent significance of [its] own" and (2) that the "corporate structure" cause[s] fraud or similar injustice." *Wallace ex. rel. Cencom Cable Income Partners II v. Wood*, 752 A. 2d 1175, 1183-84 (Del. Ch. 1999); *see also, Mobil Oil Corp. v. Linear Films, Inc.*, 718 F.Supp. 260, 267 (D. Del. 1989). In order to pierce the corporate veil in Mississippi, a plaintiff must prove: "(1) some frustration of expectations regarding the party to whom [the plaintiff] looked for performance; (2) the flagrant disregard of corporate formalities by the defendant corporation and its principals; and (3) a demonstration of fraud or other equivalent misfeasance on the part of the corporate shareholder." *Penn Nat'l Gaming, Inc. v. Ratliff*, 954 So.2d 427, at 431 (Miss. 2007) (citing *Gray v. Edgewater Landing, Inc.*, 541 So.2d 1044, 1047 (Miss. 1989)).

In order to survive a motion to dismiss a veil-piercing claim, a plaintiff must "allege all of the material elements necessary to justify disregarding the corporate form." *Penn*, 954 So.2d at 432; *Lifeline Ambulance Servs. v. Laidlaw, Inc.*, 16 F.Supp.2d 686, 689 (S.D. Miss. 1998). The allegation that one defendant "owns" the other is also patently insufficient. *Penn*, 954 So.2d at 432.

Simply because Phelan was a partner in the McCalla Raymer, LLC, law firm, as well as, an officer and minority shareholder of PS Holding is factually insufficient to support the overarching conclusion that he was and is the "mastermind" of a "corrupt business model." Relying on the *Twombly* and *Iqbal* decisions, this court is of the opinion that the plaintiffs have

5

not met the "two-pronged" approach, enunciated to determine whether the complaint meets the plausibility standard. *Iqbal*, 129 S.Ct. at 1950. The allegations raised by the plaintiffs in this case are no more than conclusions, and are not specifically entitled to the assumption of truth. *Id.* at 1949-50.

IV.

In summary, the plaintiffs' Third Amended Complaint fails to state a direct cause of action against Phelan upon which relief can be granted. In addition, the factual allegations are insufficient to state a plausible claim that the corporate veil of either Great Hill, PS Holding, or Prommis Solutions should be pierced. Consequently, Phelan's motion to be dismissed as a defendant in the plaintiffs' Third Amended Complaint, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, is well taken. A separate order dismissing Phelan from this cause of action will be entered contemporaneously herewith.

This the 22 day of June, 2011.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE