UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:  JONATHAN R. THORNE and  
       DARLENE S. THORNE, DEBTORS

CASE NO. 09-11763-DWH  
CHAPTER 13

JONATHAN R. THORNE and  
DARLENE S. THORNE, DEBTORS

LOCKE BARKLEY,  
CHAPTER 13 TRUSTEE                                                  PLAINTIFFS

VERSUS                                                    ADV. PROC. NO. 10-1172

PROMMIS SOLUTIONS HOLDING CORPORATION;  
PROMMIS SOLUTIONS, LLC;  
GREAT HILL PARNTERS, LLC; and  
MORRIS SCHNEIDER AND PRIOR, now known as  
JOHNSON & FREEDMAN, LLC                        DEFENDANTS

## OPINION

On consideration before the court is a motion for summary judgment filed by the defendant, Great Hill Partners, LLC, (Great Hill); a Rule 7056(d), Federal Rules of Bankruptcy Procedure, response having been filed by the plaintiffs named hereinabove; and the court, having considered said motion and response, hereby finds as follows to wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core adversary proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B) and (O).

II.

In their third amended complaint, the plaintiffs alleged that Great Hill "masterminded" and participated in a "corrupt business model" by exercising control of the defendants, Prommis

Solutions Holding Corporation, (PS Holding), and Prommis Solutions, LLC, (Prommis Solutions). More particularly, Great Hill, along with defendants, PS Holding and Prommis Solutions, are accused of engaging in the unauthorized practice of law and illegally sharing attorney fees through a mortgage servicing scheme which was described by this court in a separate opinion, dated June 15, 2011.

Great Hill contends that, as an investment portfolio manager, it agreed to contribute to the financing of a proposed business by directing the investment of certain funds into PS Holding. However, contrary to plaintiffs' assertions, Great Hill asserts that it does not own any interest in PS Holding or Prommis Solutions, nor did it provide any service, advise, or direction whatsoever in connection with the underlying bankruptcy case filed by the debtors, Jonathan R. Thorne and Darlene S. Thorne, (hereinafter "Thornes").

### III.

In support of its motion for summary judgment, Great Hill submitted the sworn affidavit of Matthew T. Vettel, Managing Partner of Great Hill and a member of Prommis Holding's board of directors. This affidavit refers to Great Hill as "GHP" and, in pertinent part, asserts the following:

> 5. GHP is an investment portfolio manager that manages a series of pooled investment entities that fund the expansion, recapitalization, or acquisition of growth companies in certain industries identified and targeted by GHP. Those industries include business services, consumer services, financial technology, healthcare, media, communications, and software.
>
> 6. These partnerships are primarily engaged in the business of making investments. Each of these funds is invested in a diverse portfolio of stocks, typically twelve to sixteen.
>
> 7. A number of leading and well known institutional investors participate in the private equity partnerships managed by GHP.
>
> 8. In early 2005, a third party investment banker introduced GHP to the law firm . . . (now known as McCalla Raymer, LLC ("McCalla Raymer")). McCalla Raymer was looking for investment capital to fund a proposed business in the default services

industry. It presented GHP with a plan to "spin-off" into a stand-alone company a number of non-legal functions the firm was then performing for itself. In particular, McCalla Raymer had developed efficient, technology-enabled foreclosure and bankruptcy document processing operations to support the mortgage default industry that were to form the foundation of the new business. The new business would contract to provide services to McCalla Raymer and other law firms.

9. It is my understanding that McCalla Raymer, assisted by a nationally recognized advisory firm, considered proposals from several potential investors. It ultimately accepted GHP's proposal.

10. Thereafter, GHP performed almost a full year of due diligence concerning the proposed transaction. Based on that due diligence, GHP satisfied itself that the business model was feasible, financially sound, and would comply with regulatory and other legal requirements. On this basis, GHP decided to invest in the new venture through various funds under its management.

11. On January 23, 2006, MR Processing Holding Corp. (now known as Prommis Solutions Holding Corp. ("Prommis Holding")) was formed under Delaware law. MR Default Solutions, LLC (now known as Prommis Solutions, LLC ("Prommis Solutions)) was formed in Delaware the same day. Prommis Solutions is a wholly owned subsidiary of Prommis Holding, with Prommis Holding being the sole and managing member of the company.

12. On February 24, 2006, McCalla Raymer sold many of its business assets to Prommis Holding, including proprietary software, computer hardware, office equipment and furnishings, and other items incidental to its business processing capabilities.

13. In conjunction with the asset purchase agreement, Prommis Solutions and McCalla Raymer entered into a Services Agreement. Under that agreement, Prommis Solutions agreed to become a vendor and perform various processing and administrative functions for the law firm.

14. Four of the six private equity investment funds under GHP's management invested in Prommis Holding.

15. These four funds are invested in numerous ventures, not just Prommis Holding.

16. GHP itself does not own any shares in Prommis Holding. It does not have the right to designate or elect any member to the Prommis Holding Board of Directors.

17. GHP is not a member of Prommis Solutions, LLC.

18. On February 9, 2007, Prommis Holding entered into a transaction, similar to the McCalla Raymer transaction, to purchase various non-legal assets from the law firm Morris, Schneider & Prior, LLC (now known as Johnson and Freedman, LLC ("Johnson and Freedman").

19. In connection with their transaction, Prommis Solutions and Johnson and Freedman entered into a Service and Technology Agreement.

20. GHP did not "orchestrate" Prommis Holding's purchase of Johnson and Freedman's non-legal assets, as alleged by Plaintiffs

21. GHP does not engage in the day-to-day management of the business of Prommis Solutions. Rather, GHP offers advice on strategic matters such as growth opportunities, financings and management team development.

22. GHP (including the equity funds it manages) has not purchased the assets of any law firm nor does it own an interest in any law firm, including McCalla Raymer and Johnson and Freedman.

23. GHP and its funds are not parties to the contracts pursuant to which Prommis Holding purchased non-legal assets from a law firm. Nor are they parties to any service agreement between a law firm and Prommis Solutions.

. . . .

25. Neither GHP nor any representative, agent, or attorney for it appeared before this Court or filed any claim, pleading or paper in the Chapter 13 bankruptcy case of Jonathan and Darlene Thorne ("the Thornes").

26. GHP did not provide any service, advice, or direction to Prommis Solutions, Prommis Holding, Johnson and Freedman, or any creditor of the Thornes in connection with the Thornes' bankruptcy case.

27. GHP has had no interaction with either the Thornes or Chapter 13 Trustee Locke Barkley outside the context of the adversary proceeding they filed against GHP.

. . . .

34. GHP has not charged a fee of any kind, including an attorney's fee, to the Thornes . . . . It also has not charged any fee to any other party in connection with the bankruptcy case[] filed by these individuals. It has not received any portion of any attorney's fee paid by the Thornes. . . or any other person as a consequent of their bankruptcy case[].

IV.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Miss. Bankr. L.R. 7056-1. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips*, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

V.

Great Hill filed its motion for summary judgment on August 19, 2011. As noted hereinabove, the plaintiffs filed a Rule 7056(d) response to Great Hill's motion on September 16, 2011, in which a request to conduct discovery was made. Following a status hearing held on

5

October 5, 2011, the court imposed a deadline of December 31, 2011, for the plaintiffs to complete discovery, as well as, a deadline of January 20, 2012, for the plaintiffs to file a response to the motion for summary judgment. No additional response to Great Hill's motion was filed by the plaintiffs. Consequently, the material facts asserted by Great Hill in its motion and memorandum, as well as, the Vettel affidavit are considered undisputed insofar as the disposition of this motion for summary judgment is concerned. Significantly, there is no evidence that Great Hill had any involvement whatsoever in the Thornes' Chapter 13 bankruptcy case; it did not engage in the unauthorized practice of law; and it did not impermissibly share the attorney fee allowed by this court.

Based on the foregoing, the court finds that no genuine issue of material fact remains in dispute as to the allegations against Great Hill in this adversary proceeding. As such, the motion for summary judgment filed by Great Hill is well taken and will be sustained. Great Hill will be dismissed as a party defendant from this proceeding.

An order, consistent with this opinion, shall be entered contemporaneously herewith.

This the 19th day of April, 2012.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE